**UNION TRUST NATIONAL BANK OF ST. PETERSBURG, a national banking association, Plaintiff,**

**and**

**United States of America, Applicant for Intervention,**

**v.**

**R. A. RIEDEL, as Director of the Florida Securities Commission et al., Defendants.**

**Civ. A. No. 1373.**

United States District Court
N. D. Florida,
Tallahassee Division.
March 27, 1968.

Donald T. Senterfitt, Orlando, Fla., Legal Counsel Florida Bankers Association, amicus curiae.

Harris, Wing, Clark & Green, St. Petersburg, Fla., for plaintiff.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for intervenor.

Earl Faircloth, Atty. Gen., and Thomas E. Boyle, Asst. Atty. Gen., of Florida, Tallahassee, Fla., for defendant.

## ORDER

CARSWELL, Chief Judge.

This cause came on to be heard on the motion of the defendant Director to dismiss. Counsel for the respective parties, including the United States Attorney who appeared to present motion to intervene in behalf of the Government, were present. The Court notes at the outset that there is a threshold issue in the complaint which requires the construction of a Florida Statute, i. e., 517.02(4) (e), F.S.A. It is the basic position of the defendant Director that this statute permits no banks, state or federal, to give investment advice or take any other action with respect to securities advice and handling beyond those incidental to their trust powers. The plaintiff here asserts that this statute, as amended, specifically exempts all banks, state and federal, from regulation authority by the Florida Securities Commission with respect to such matters. Moreover, it is the position of the plaintiff that there is a subsequent federal question to be determined in the event the subject Florida Statute is ultimately construed adversely to the position of this plaintiff. It is clear that this statute, if construed as plaintiff contends it should be, eliminates all issues between the parties in the suit before this Court, the federal question presented being thereby mooted.

The State of Florida has a clear remedy available to each of these parties under its Declaratory Judgment Act whereby the construction of a state statute may be readily determinable in the Circuit Courts with direct appeal available to the Supreme Court of Florida. It is basic, of course, that the construction of a state statute lies within the exclusive provision of the Supreme Court of the state and that this Court is bound by that determination. Since the remedy is available, and may be expeditiously utilized, this Court has determined that it should abstain from having further proceedings in this cause pending the determination of the threshold issue mentioned above.

Without prejudice, therefore, to the right of either party to proceed forthwith before the appropriate court or courts of the State of Florida for determination of the subject state statute, it is, hereby

Ordered that this cause be and it is hereby stayed pending determination by the courts of the State of Florida of interpretation of Florida Statutes 517.02 (4) (e), F.S.A.1967, or upon application.